UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN THE MATTER OF

Anthony Dencio Agpaoa - #189749

Case Number: CV 12 80 257 MISC WHA

ORDER TO SHOW CAUSE RE SUSPENSION FROM MEMBERSHIP IN GOOD STANDING OF THE BAR OF THE COURT

TO: Anthony Dencio Agpaoa

You are enrolled as a member of the bar of the Northern District of California. Notice has been received by the Chief Judge of the United States District Court for the Northern District of California that your status as a member of the State Bar of California has been modified as follows:

Enrolled as an inactive member pursuant to Section 6203 of the Business and Professions Code and may not practice law while so enrolled effective September 16, 2012.

Effective the date of this order, your membership in the bar of this Court is **suspended on an interim basis** pursuant to Civil Local Rule 11-7(b)(1). **On or before November 5, 2012,** you may file a response to this Order meeting the requirements of Civil Local Rule 11-7(b)(2), which may be viewed on the Court's website at cand.uscourts.gov. If you fail to file a timely and adequate response to this Order, you will be suspended from membership without further notice.

If you are disbarred, suspended or placed on disciplinary probation by this Court and are later restored to active membership in the State Bar of California, you may apply for reinstatement pursuant to Civil Local Rule 11-7(b)(3). The Clerk shall close this file on or after November 5, 2012, absent further order of this Court.

IT IS SO ORDERED.

Dated: 10/16/2012

_____
WILLIAM ALSUP
United States District Chief Judge

*Form updated July 2012*

FILED SEPTEMBER 11, 2012

STATE BAR COURT OF CALIFORNIA

HEARING DEPARTMENT - SAN FRANCISCO

| | |
|---|---|
| In the Matter of ) | Case No. 12-AE-15866-LMA |
| ANTHONY DENCIO AGPAOA, ) | ORDER GRANTING MOTION FOR INVOLUNTARY INACTIVE ENROLLMENT [Bus. & Prof. Code, § 6203, subd. (d); Rules Proc. of State Bar, rule 5.360, et seq.] |
| Member No. 189749, ) | |
| A Member of the State Bar. ) | |

## I. INTRODUCTION

This matter is before the court on a motion filed by Joel Mark, Presiding Arbitrator of the Mandatory Fee Arbitration Program of the State Bar of California (State Bar), seeking the involuntary inactive enrollment of Award Debtor **Anthony Dencio Agpaoa** (Award Debtor), pursuant to Business and Professions Code section 6203, subdivision (d), and rule 5.360, et seq., of the Rules of Procedure of the State Bar of California (Rules of Procedure) due to his failure to pay an arbitration award. Based on the State Bar's motion and supporting documents, the court finds that Award Debtor agreed to a payment plan and has failed to make one or more payments required by such payment plan.

## II. SIGNIFICANT PROCEDURAL HISTORY

On August 17, 2012, the Presiding Arbitrator filed a motion seeking the involuntary inactive enrollment of Award Debtor. (Bus. & Prof. Code, section 6203, subd. (d), Rules of Procedure, rule 5.360, et seq.) That same day, a copy of the motion was properly served at Award Debtor's official membership records address, by certified mail, return receipt requested, and by regular mail. Award Debtor failed to respond to the Presiding Arbitrator's motion or request a hearing. (Rules of Procedure, rules 5.362 and 5.364.)

On August 22, 2012, the court filed a Notice of Assignment. That same day, a copy of said notice was properly served on Award Debtor by first-class mail, postage fully prepaid, at his official address. The copy of said notice was not subsequently returned to the State Bar Court by the U.S. Postal Service as undeliverable or for any other reason.

This matter was submitted for decision on September 6, 2012. That same day, a copy of the Submission Order was properly served on Award Debtor by first-class mail, postage fully prepaid, at his official address. The copy of the Submission Order was not subsequently returned to the State Bar Court by the U.S. Postal Service as undeliverable or for any other reason.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.    Jurisdiction**

Award Debtor was admitted to the practice of law in California on September 3, 1997, and has been a member of the State Bar at all times since.

**B.    Facts**

In October 2010, Gabriel Espiritu (Espiritu) requested mandatory fee arbitration with the Bar Association of San Francisco to resolve a fee dispute with Award Debtor. On March 25, 2011, the Bar Association of San Francisco served a non-binding arbitration award on the parties. It awarded Espiritu a refund in the amount of $1,400 in attorneys' fees and costs, plus $45 for fee arbitration filing fees. This award subsequently became final and binding because neither party filed a timely request for trial after arbitration.

On April 18, 2011, Espiritu sent a letter to Award Debtor requesting payment of the award. Award Debtor did not subsequently pay the award or contact Espiritu about the award.

On May 4, 2011, Espiritu filed a request for enforcement of the arbitration award (request for enforcement) with the State Bar pursuant to section 6203, subdivision (d).

On or about July 11, 2011, the State Bar served the request for enforcement on Award Debtor by regular and certified mail.[1] Included in this mailing was a cover letter from the State

---

[1] All letters from the State Bar to Award Debtor were sent to his official State Bar membership records address. None of these letters were returned to the State Bar as undeliverable, or for any other reason.

Bar advising Award Debtor of the potential consequences for: (1) failing to comply with the arbitration award; and (2) failing to respond to the Client's Enforcement Request by August 10, 2011.

After not receiving a reply from Award Debtor, the State Bar sent a letter to him on August 31, 2011, advising him of the ramifications of his continued non-compliance with a final and binding fee arbitration award. The letter advised that the State Bar would seek an order from the Presiding Arbitrator for administrative penalties to be imposed.

On September 22, 2011, the State Bar received a letter from Award Debtor dated September 20, 2011, claiming he would settle the debt owed to Espiritu within two to three weeks. Award Debtor, however, did not subsequently settle his debt with Espiritu.

On November 5, 2011, Award Debtor sent another letter to the State Bar proposing a payment plan of half the award on or before December 1, 2011, and payment of the remaining amount of the award on or before January 1, 2012.

On November 10, 2011, the State Bar sent a letter to Espiritu, informing him of Award Debtor's proposed payment plan. Shortly thereafter, Espiritu accepted the payment plan.

On November 18, 2011, the State Bar sent a letter to Award Debtor informing him that Espiritu had accepted the payment plan and providing Award Debtor with Espiritu's address for mailing of payments. Award Debtor subsequently failed to make any payments to Espiritu.

On January 10, 2012, the State Bar sent a letter to Award Debtor informing him that the State Bar planned to file a motion before the State Bar Court requesting that Award Debtor be enrolled as an inactive member of the State Bar until the arbitration award has been paid in full.

Despite the State Bar's repeated efforts, Award Debtor failed to make any of the required payments in the agreed upon payment plan.

C.  **Conclusions of Law**

The court finds that the Presiding Arbitrator has met the burden of demonstrating by clear and convincing evidence that Award Debtor agreed to a payment plan and has failed to make one

or more payments required by the plan. (Bus. & Prof. Code, § 6203, subd. (d)(2); Rules of Procedure, rule 5.360, et seq.)

In addition, the court finds that Award Debtor has not met his burden of demonstrating by clear and convincing evidence that he is not personally responsible for making or ensuring payment of the award; that he is unable to pay it; or that he has proposed and agrees to comply with a payment plan which the State Bar has unreasonably rejected as unsatisfactory. (Bus. & Prof. Code, § 6203, subd. (d)(2); Rules of Procedure, rule 5.365(B).)

## IV. ORDER

**IT IS ORDERED** that Award Debtor **Anthony Dencio Agpaoa,** be enrolled as an inactive member of the State Bar of California pursuant to Business and Professions Code section 6203, subdivision (d)(1), effective five days after the date of service of this order. (Rules of Procedure, rule 5.368(B)(1).)

**IT IS FURTHERED ORDERED** that Award Debtor **Anthony Dencio Agpaoa** must remain involuntarily enrolled as an inactive member of the State Bar until: (1) he has paid the arbitration award to Gabriel Espiritu in the amount of $1,445, plus interest at the rate of ten percent per annum from March 25, 2011, the date the award was served; (2) he has paid reasonable costs, if any; and (3) the court grants a motion to terminate the inactive enrollment pursuant to rule 5.370(A) of the Rules of Procedure of the State Bar of California.

Reasonable costs are awarded to the State Bar upon the Presiding Arbitrator's submission of a bill of costs. (Bus. & Prof. Code, § 6203, subd. (d)(3); Rules Proc. of State Bar, rule 5.368(B)(2).)

Dated: September ___, 2012                LUCY ARMENDARIZ
                                          Judge of the State Bar Court